| | | |
|---|---|---|
| **County of Bay** | ) | |
| | ) | SS |
| **State of Florida** | ) | |

# AFFIDAVIT

I, Robert McDaniel, being duly sworn, deposes and states the following:

1. Your affiant is a Special Agent with the Naval Criminal Investigative Service ("NCIS") and has been so employed since 1989. As an NCIS Special Agent, I conduct criminal investigations of all types of criminal activity alleged to have been committed by Naval personnel and civilians working at Naval installations. I am currently based at the U.S. Naval Support Activity Center in Panama City Beach, Florida (the "Navy Base"). As part of my training, I have attended numerous investigative courses, including courses related to child-exploitation investigations such interviewing and interrogation, child-sexual-abuse investigations, and forensic-interview training.

2. This affidavit is submitted in support of a complaint charging Anthony James Jensen with knowingly receiving child pornography, which had been shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

3. The information contained in this Affidavit is based on my personal knowledge and on information that I have acquired from other law-enforcement officials. Since this Affidavit is being submitted for the limited purposes of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.

## BACKGROUND OF INVESTIGATION

4. On or about January 12, 2011, your affiant began investigating Anthony James Jensen based on evidence discovered by the Bureau of Immigrations and Customs Enforcement

("ICE") during its operation entitled "Operation Flicker," which commenced in or about 2006. The investigation revealed that Jensen had purchased a 30-day membership to a known child-pornography website called "HardLovers." Your affiant's investigation revealed that Jensen resided in Lynn Haven, Florida; was employed by a Department of Defense contractor; and was working at the Navy Base.

5. On or about June 8, 2011, your affiant approached Jensen at the Navy Base. There, I asked to speak with Jensen. Jensen agreed, and I told Jensen that he was suspected of downloading child pornography. I told Jensen that I wanted to discuss this with Jensen and that Jensen was not under arrest. Jensen then told me that:

- He had been downloading child pornography;
- He started downloading child pornography accidentally;
- He first went into internet groups to search for adult pornography;
- He conducted mass downloads of adult pornography and in those downloads also received child pornography;
- This first happened in 2003;
- He last viewed child pornography the previous day, which was June 7, 2011;
- He would download the child pornography, keep it on his computer for 1-2 weeks, masturbate to it, and then delete it;
- He is married and has children in the home;
- He would download the child pornography and masturbate to it at night while his family was asleep; and
- He knew it was wrong.

6. Based on these statements, your affiant asked Jensen for consent to search his residence and seize his computers and any digital media. Jensen consented in writing to the

search of the residence and the seizure computers and digital media. The consent form, however, did not authorize the search of the computers or the other digital media.

7. Later that day, your affiant went to Jensen's residence in Lynn Haven, Florida. Inside, I found three computers, six external hard drives, and three thumb drives, all of which I seized.

8. On June 10, 2011, Bay County Sheriff's Office Deputy and ICE Task Force Officer Jeremy Mathis applied for, and Bay County Bay County Judge Shane Vann issued, a search warrant to search the computers, external hard drives and thumb drives seized from Jensen's residence. The same day, TFO Mathis conducted a cursory search of one of the seized computers. During the cursory search, TFO Mathis found, among other files, the following files on the computer depicting what appear to be actual (as opposed to graphically engineered) individuals:

  a. A video file that is 13 minutes and 26 seconds in length and that depicts a boy and girl engaging in sexual intercourse. Based on stature and lack of development, the boy and girl appear to be well under the age of 18. The file showed a last-modified date of May 26, 2011 at 3:58 p.m.

  b. A video file that is 8 minutes and 28 seconds in length and that depicts two girls engaged in sexual activity. Based on stature and lack of development, the girls appear to be well under the age of 18. The file showed a last-modified date of May 26, 2011 at 9:01 p.m.

  c. A video file that is 25 minutes and 22 seconds in length and that depicts two females and a male engaging in sexual activity. Based on stature and lack of development,

one of females and the male appear to be well under the age of 18. The file showed a last-modified date of May 26, 2011 at 9:02 p.m.

  d. A video file that is 24 minutes in length and that depicts two females engaging in sexual activity. Based on stature and lack of development, one of the females appears to be under the age of 18. The file showed a last-modified date of May 26, 2011 at 9:04 p.m.

  9. The computers, external hard drives, and thumb drives have been sent to a forensic computer analyst with ICE for complete forensic analysis to determine the total number of images of child pornography on the computers, external hard drives, and thumb drives.

## CONCLUSION

  10 Based on the above, your affiant respectfully submits that there is probable cause to believe that Anthony James knowingly received child pornography, which had been shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

_____
Robert McDaniel
Special Agent, Naval Criminal Investigative Service

SUBSCRIBED and SWORN
before me this 13th day of June, 2011

_____
LARRY A. BODIFORD
Magistrate Judge