IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY JAMES JENSEN

**INDICTMENT**

5:11cr25/RS

**THE GRAND JURY CHARGES:**

### COUNT ONE

From in or about 2002 through on or about June 8, 2011, in the Northern District of Florida and elsewhere, the defendant,

**ANTHONY JAMES JENSEN,**

did knowingly and intentionally receive and attempt to receive material, namely images and videos, containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means or facility of interstate and foreign commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

Returned in open court pursuant to Rule 6(f)

Date 7/19/2011

United States Magistrate Judge

## COUNT TWO

On or about June 8, 2011, in the Northern District of Florida and elsewhere, the defendant,

### ANTHONY JAMES JENSEN,

did knowingly possess child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means or facility of interstate and foreign commerce, and had been shipped and transported in interstate and foreign commerce, by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One and Two of this Indictment, the defendant,

### ANTHONY JAMES JENSEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    A.    Any visual depiction or other matter containing such visual depiction or image of child pornography, which was produced, transported, mailed, shipped, received, or possessed as alleged in Counts One and Two of this Indictment;

2

B.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and Two of this Indictment;

C.    Any property, real or personal, used or intended to be used to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

D.    The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes and hard disk drives/units, peripherals, modems, and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the aforementioned hardware and software, tools, equipment, manuals, and documentation for the assembly and use of the aforementioned hardware and software.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of the Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253, to seek forfeiture of any other property of the defendant up to the value of any forfeitable

property described above.

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL:

**REDACTED**

FOREPERSON

7/19/2011

DATE

*Pamela C. Marsh* (signature)

PAMELA C. MARSH
United States Attorney

*Katy Littleton* (signature)

GAYLE E. LITTLETON
Assistant United States Attorney

4