**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                      **CASE NO.: 5:11-cr-25/RS**

**ANTHONY JAMES JENSEN**
_____

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between defendant Anthony James Jensen, Waylon

Graham, attorney for Anthony James Jensen, and the United States Attorney for the Northern District

of Florida. This agreement specifically excludes and does not bind any other state or federal agency,

including other United States Attorneys and the Internal Revenue Service, from asserting any civil,

criminal, or administrative claim against defendant.

### 2. TERMS

The parties agree to the following terms:

a.      Anthony James Jensen will plead guilty to Counts One and Two of the Indictment.

Count One carries a mandatory minimum of five years' imprisonment, a maximum of twenty years'

imprisonment, up to a $250,000 fine, a term of supervised release of up to life, a $100 special

monetary assessment, and forfeiture of all forfeitable assets. Count Two carries a maximum of 10

years' imprisonment, up to a $250,000 fine, a term of supervised release of up to life, a $100 special

monetary assessment, and forfeiture of all forfeitable assets.

b.      Defendant is pleading guilty because defendant is in fact guilty of the charges

1

**FILED IN OPEN COURT THIS**

**9-22-2011**

**CLERK, U.S. DISTRICT COURT**
**NORTH**

contained in Counts One and Two of the Indictment. In pleading guilty to these offenses, defendant acknowledges that were this case to go to trial, the government could present evidence to support the charges beyond a reasonable doubt.

c.      Upon the District Court's adjudication of defendant's guilt for these violations, the United States Attorney for the Northern District of Florida will not file any further criminal charges against defendant arising out of the same transactions or occurrences to which defendant has pled.

d.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

e.      Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement

f.      The United States Attorney agrees not to recommend a specific sentence. However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

## 3. SENTENCING

a.      Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise

2

at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentencing greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b.     The parties reserve the right to appeal any sentences imposed.

## 4. FORFEITURE

a.     The Indictment alleges that because defendant knowingly engaged in conduct in violation of Title 18, United States Code, Section 2252A, he subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253: (1) any visual depiction described in Title 18, United States Code, Section 2252, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Sections 2251 through 2258; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense. By entry of a guilty plea to Count One, defendant understands that the above property is subject to forfeiture.

b.     The defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty the Court may impose upon the defendant in addition to the forfeiture judgment.

. c.     At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of quality, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of

3

Florida and Anthony James Jensen, and Anthony James Jensen enters this agreement knowingly,

voluntarily, and upon advice of counsel.

PAMELA C. MARSH
United States Attorney

ANTHONY JAMES JENSEN
Defendant

9/22/11

Date

WAYLON GRAHAM
Attorney for Defendant

9/22/11

Date

GAYLE E. LITTLETON
Assistant United States Attorney
New York Bar No: 585581
1001 East Business 98, 2nd Floor
Panama City, Florida 32401
(850) 785-3495

9/22/11

Date

4